MATTHEW W. HETZER *et al.*, Plaintiffs-Appellees, *v.* STATE POLICE MERIT BOARD *et al.*, Defendants-Appellants.

Fourth District   No. 13939

Opinion filed July 5, 1977.

William J. Scott, Attorney General, of Chicago (Bonny Sutker Barezky, Assistant Attorney General, of counsel), for appellants.

R. G. Heckenkamp, of Heckenkamp and Fuiten, of Springfield, for appellees.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

On November 23, 1974, seventeen corporals from Illinois State Police District No. 15 took the written promotional examination for sergeant. Ronald Perry received the third highest grade on the examination, Matthew Hetzer was fourth and Thomas Turner was fifth. Following the written examination, the next step of the promotional procedure was an interview before the State Police Merit Board. The board rule pertinent here provides:

> "*Corporals*: All of the Corporals in each district who take the written examination for Sergeant will be ranked from the highest to the lowest, in their district, in accordance with their promotional grade, computed in accordance with the above formula. The Board will then afford an oral interview to those Corporals whose promotional grades place them within the highest 25% of the Corporals who took the examination in their district or at least four Corporals, whichever formula produces the greater number." Illinois State Police Merit Board Rule 6(b) (Merit Board Action 11—22—74).

After the November 1974 test, the District posted a list which indicated that four corporals were eligible for an oral interview. Later this list was increased to five with the addition of Thomas Turner. On March 8, 1975, all five men were interviewed. After being rated pursuant to the rules of the Board, Thomas Turner moved into third position, Perry fourth and Hetzer dropped to fifth. The list was certified to the superintendent of State Police in this order. For promotional purposes, the top three men are eligible for immediate promotion.

On May 23, 1975, plaintiffs sued for a writ of mandamus and injunctive relief. They sought to remove Thomas Turner from the list certified for promotion to sergeant and to enjoin the superintendent from promoting Turner. Defendants filed a motion for summary judgment along with accompanying affidavits. The affidavit of the technical advisor for the

State Police Merit Board stated that since 1968 the Board has followed a policy of interviewing the person represented by the next whole number when the percentage figure for candidates to be interviewed results in a whole number and a fraction. He stated that pursuant to this policy Turner's score entitled him to an interview because 25 percent of 17 is 4.25 and Turner was number 5. Defendants also attached to the answer a copy of the minutes of a special meeting where the Board agreed to adopt the policy that any cutoff would be at the *next* whole number whenever a fraction resulted.

Defendants' motion for summary judgment was denied and plaintiffs then filed their own motion for summary judgment. This motion was allowed and the court issued a writ of mandamus ordering defendants to remove Thomas Turner from the list of corporals certified for promotion to sergeant. This mooted the injunction count.

■■ The issue presented for review is whether the Illinois State Police Merit Board correctly interpreted and applied its Rule 6(b) by affording the fifth man an oral interview. The cases cited by defendants are not in point since they involve situations where the administrative rule or regulation in issue was ambiguous and in need of administrative interpretation. Of course, courts should give agencies great discretion in construction and application of their rules interfering only if a body's interpretation is plainly erroneous or inconsistent with long settled construction. (*Scheffki v. Board of Fire & Police Commissioners* (1974), 23 Ill. App. 3d 971, 320 N.E.2d 371.) Having once established rules pursuant to statutory authority, an administrative agency is bound by these rules and may not violate them. (*Margolin v. Public Mutual Fire Insurance Co.* (1972), 4 Ill. App. 3d 661, 281 N.E.2d 728.) It is also true that an agency's custom and practice in interpreting its rules may in turn bind the agency just like the rule itself. (*Briscoe v. Kusper* (7th Cir. 1970), 435 F.2d 1046.) However, the same rules of construction apply to administrative rules and regulations as are applied by courts in the construction of statutes. *Heifner v. Board of Education* (1975), 32 Ill. App. 3d 83, 335 N.E.2d 600.

■■ In *Whittemore v. People* (1907), 227 Ill. 453, 81 N.E. 427, the Illinois Supreme Court said:

"The aid of contemporaneous construction can only be invoked where the language of the statute is ambiguous or doubtful. It can have no application where the language of the act and the intent of the legislature are plain. (*Jarrot v. Jarrot*, 2 Gilm. I; *Burke v. Snively*, 208 Ill. 328; 2 Lewis' Sutherland on Statutory Construction, sec. 472.) In section 473 of the authority last cited it is said: 'Long usage is of no avail against a plain statute; it can be binding only as the interpreter of a doubtful law and as affording a

contemporary exposition.' In section 474 the same author°says: 'If the meaning of a statute is clear and unambiguous, a practical construction inconsistent with that meaning will have no weight and will not be followed. A practical construction will not be followed when it would defeat the obvious purpose of the statute.' The author concludes this section with this quotation from *Commonwealth v. Railroad Co.* 95 Ky. 60: 'If the language of an act be certain, its object can never be frustrated by any amount of contemporaneous interpretation, no matter how consistent or how widely adopted it may have been.' " 227 Ill. 453, 470-71, 81 N.E. 427, 433.

■■ The question then becomes whether the phrase "within the highest 25%" is ambiguous. We hold that it is not. Five is 29.41 percent of 17 and thus not *within* 25 percent of 17. The language of this rule is contained in a mathematical formula which is clear and unambiguous thus not requiring nor permitting further board interpretation. Prior misapplication, consistent or inconsistent, does not give the Board a right to continue misapplying an unambiguous rule. Had the Board thought a larger selection was desirable, a greater minimum could have been authorized by amending the rule. In fact, this was done on November 22, 1974.

■■ The decision of the circuit court of Sangamon County ordering defendants to remove Turner's name from the list of corporals eligible for promotion is affirmed.

Affirmed.

GREEN and KASSERMAN, JJ., concur.