PAUL RAGANO, Plaintiff-Appellee, *v.* ILLINOIS CIVIL SERVICE COMMISSION *et al.*, Defendants-Appellants.

First District (2nd Division)   No. 78-1645

Opinion filed January 22, 1980.

William J. Scott, Attorney General, of Chicago (George H. Klumpner, Assistant Attorney General, of counsel), for appellants.

Richard R. Rochester, of Chicago (Friedman and Rochester, Ltd., and Herbert D. Hill, of counsel), for appellee.

Mr. PRESIDING JUSTICE PERLIN delivered the opinion of the court:

Plaintiff, Paul Ragano, filed a complaint in the circuit court of Cook County pursuant to the provisions of the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 264 *et seq.*) to obtain review of the decision rendered by the Civil Service Commission (hereinafter referred to as the Commission) which discharged him from his employment with the Department of Registration and Education (hereinafter referred to as the Department). The circuit court reversed the decision of the Commission. The Commission and the Department appeal. The dispositive question presented for review is whether Ragano was denied a timely hearing and speedy adjudication of the disciplinary charges against him.

For the reasons hereinafter set forth, we affirm the judgment of the circuit court of Cook County.

Ragano was employed as a Licensing Specialist II[1] by the Department. On March 10, 1976, Ragano was charged in a seven-count Federal indictment with conspiracy, use of the United States mail "to obtain money and property by means of false or fraudulent pretenses" and travel in interstate commerce "with the intent to promote * * * and facilitate the promotion * * * of an unlawful activity." On March 16, 1976, the Department initiated discharge proceedings against Ragano charging him with "conspiring to obtain money and property through the [United States mail]" and "traveling in interstate commerce to promote bribery." These charges for discharge were approved by the Director of Personnel on March 26, 1976, and were received by Ragano on March 30, 1976. On April 1, 1976, Ragano requested a hearing on these charges. The Commission scheduled a hearing for April 26, 1976, and a hearing was in fact convened on that date.

At the April 26, 1976, hearing the sole evidence introduced by the Department in support of the charges for discharge was evidence that Ragano had been indicted. The Department explained that it was unable to introduce any evidence in support of the charges for discharge because the United States Attorney would not relinquish, prior to the Federal criminal trial, any evidence for use in the Commission hearing. On June 7, 1976, the hearing officer, Linda West Conley (hereinafter referred to as Conley), recommended that:

> "In view of the fact that [the Department] was unable to present facts in support of the charges for discharge due to inability to obtain those facts because of the pending criminal matter, it is the Hearing Officer's recommendation that the Civil Service Commission remand this case for a hearing, the hearing date to be scheduled as soon as the United States Attorney's Office will relinquish such information for use in a Civil Service Commission hearing."

On June 16, 1976, the Commission "remanded" the cause to the hearing officer "for additional hearings to be held at such time as [the Department] will be able to present evidence in support of the charges for discharge."

Ragano's trial on the Federal criminal charges commenced on July 12, 1976, and terminated with a jury verdict of not guilty on July 16, 1976. On August 24, 1976, Ragano filed a motion to dismiss the charges for discharge based upon his acquittal of the criminal charges. On September 3, 1976, the Department advised Conley that it would seek to amend the charges for discharge, based upon the transcript of the Federal criminal

---

[1] A Licensing Specialist II examines licenses for currency and proper display, inspects facilities and equipment to determine sanitary and safety conditions and approves or denies issuance of a license to a new facility.

trial, "to allege the specific conduct which forms the basis for discharge." The Department further advised Conley that the transcript had been ordered by the Department but had not yet been received. On September 24, 1976, Ragano filed a supplemental motion to dismiss the charges for discharge contending that the Commission had been divested of its "jurisdiction" because it had failed to grant a hearing within 30 days of Ragano's April 1, 1976, request for a hearing.

The transcript of Ragano's trial on the criminal charges was filed in the District Court for the Northern District of Illinois on October 1, 1976.[2] On November 17, 1976, the Commission denied Ragano's motions to dismiss and granted the Department leave to file amended charges. The amended charges were filed on December 6, 1976, and read as follows:

"Paul Ragano is discharged for cause, that cause being having solicited and accepted $100.00 from Betty Aiello for having arranged a meeting with Pat DiCostanzo, in order to allegedly assist with problems of receiving a license from the Department of Registration and Education, which activity is in violation of the Rules and Regulations of the Department of Registration and Education, promulgated on October 1, 1974."

The Commission scheduled a hearing for January 14, 1977. The Commission thereafter rescheduled the January 14, 1977, hearing to January 28, 1977, because January 14, 1977, had been declared a State holiday. The hearing was then continued to February 18, 1977, at the request of Ragano's attorney who was to be out of town on January 28, 1977. On February 15, 1977, the Department requested a continuance which was denied at the hearing on February 18, 1977.

The February 18, 1977, hearing was convened before hearing officer Larry Gehman (hereinafter referred to as Gehman). The evidence introduced by the Department consisted of the certified transcript of Ragano's testimony at the Federal trial, a copy of the Rules and Regulations of the Department, and the testimony of two Department employees. The testimony of these employees revealed that Ragano knew the acceptance of gratuities was strictly prohibited. The transcript of Ragano's testimony at his Federal criminal trial disclosed that he had received $100 from a license applicant to arrange a meeting with a "consultant."[3]

---

[2] The record does not reflect when the Department received the transcript. Nor was counsel for the Department able to respond during oral argument to the court's inquiries regarding the Department's receipt of the transcript. Our examination of the Federal Court docket reveals that the transcript was filed in that court on October 1, 1976, and was then available to the Department. We take judicial notice of that fact.

[3] The "consultant" was a member of the barber's union and Ragano's codefendant in the federal criminal case. This "consultant" received a "consultation fee" of $1200 from the license applicant.

Gehman found that the written charges were proved and warranted the discharge of Ragano. Gehman entered his findings and recommendation on March 28, 1977. On April 20, 1977, the Commission concurred in and adopted Gehman's findings and recommendation.

On May 26, 1977, Ragano filed an action in the circuit court of Cook County seeking review of the Commission's decision. The circuit court reversed the Commission, holding that:

> "The realities of this case are that the charges were prematurely filed, and that the [April 26, 1976] hearing was commenced as a subterfuge in meeting the statutory thirty day requirement. * * * Because the continuance was general, it was indeed unreasonable. Therefore, the Commission failed to retain jurisdiction over the matter."

The trial court further opined:

> "Assuming for the purposes of argument only that this type of remandment-continuance procedure is acceptable, the final hearing in this case was still not held until two hundred sixteen days after the information needed from the [United States Attorney] was available. No legitimate reason for this delay has been offered, and no waiver of statutory rights has been implied against the employee."

■■■ To give validity to its findings and orders, an administrative agency must comply with the procedures and rules promulgated by the legislature. (*Kahn v. Civil Service Com.* (1976), 40 Ill. App. 3d 615, 617, 352 N.E.2d 231; *Chicago Transit Authority v. Fair Employment Practices Com.* (1968), 103 Ill. App. 2d 329, 339, 243 N.E.2d 638.) The purpose of judicial review of an administrative agency's decision is to keep the agency within its statutory grant of authority and thus guard the rights of the parties which are guaranteed by the constitution and statutes. (*Kahn,* at 617; *Hankenson v. Board of Education* (1957), 15 Ill. App. 2d 440, 146 N.E.2d 194.) In the case at bar the boundaries of the Commission's statutory authority are established by section 11 of the Personnel Code (Ill. Rev. Stat. 1975, ch. 127, par. 63b111) which provides in part:

> "No officer or employee under jurisdiction B, relating to merit and fitness, who shall have been appointed under the rules and after examination, shall be removed or discharged, demoted, or suspended for a period of more than 30 days, except for cause, upon written charges approved by the Director of Personnel, and after an opportunity to be heard in his own defense if he makes written request to the Commission within 15 days after the serving of the written charges upon him. Upon the filing of such a request for a hearing, the Commission shall grant a hearing within 30 days."

The objective of this statute is to provide a timely hearing and speedy adjudication of disciplinary charges. (*McReynolds v. Civil Service Com.* (1974), 18 Ill. App. 3d 1062, 311 N.E.2d 308.) The dispositive question in the case at bar is whether the delay between the time the transcript of the federal criminal trial was available on October 1, 1976, and the time of the hearing on February 18, 1977, was unreasonable and without good cause so as to deny Ragano a timely hearing and speedy adjudication of the disciplinary charges against him.

■■ The expressed purpose of the Personnel Code (Ill. Rev. Stat. 1975, ch. 127, par. 63b101 *et seq.*) is to establish a system of personnel administration based on merit principles and scientific methods. (Ill. Rev. Stat. 1975, ch. 127, par. 63b102.) "In furtherance of this purpose and to insure better qualified public employees, it was deemed necessary to give employees certain procedural protections when they were being considered for discharge, demotion or suspension." (*McReynolds*, at 1065.) Section 11 of the Personnel Code serves to effectuate the purpose of the Code. It provides, *inter alia*, for notice, written charges, a public hearing, the right to call witnesses, and for the aid of counsel. "This section also sets up certain time limitations which insure not only fairness to the employee but serve to prevent the employee from suffering monetary injury." (*McReynolds*, at 1066.) The period of time during which an employee's status is uncertain should be as short a period as possible. (*McReynolds* at 1066.) "Not only will this serve to guard against any undue anxiety being placed on the employee, but it will enable the employee to formulate plans for the future." (*McReynolds*, at 1066.) The statute also insures that unqualified employees or employees who should be discharged for cause will be separated from public service as quickly as possible so that the State will not suffer from their continued retention. *McReynolds*, at 1065.

■■ Section 11 mandates that a hearing must be granted, scheduled and commenced within 30 days of the employee's written request for a hearing, but section 11 does not require that the hearing be completed within that time. (*Hardaway v. Civil Service Com.* (1977), 52 Ill. App. 3d 494, 367 N.E.2d 778.) "Our supreme court has recognized that a need for continuances may arise in practice before the Commission." (*Hardaway*, at 497; *Lindeen v. Illinois State Police Merit Board* (1962), 25 Ill. 2d 349, 185 N.E.2d 206.) "If the delay or continance is not for good cause or is unreasonable, the circuit court can so find. If, however, the delay or continuance is for good cause and reasonable, the Commission would retain jurisdiction." *Hardaway*, at 497; see *Kahn*, at 618.

■■ In the case at bar, the evidence adduced at Ragano's Federal criminal trial was alleged by the Department to be essential to its proceedings. The transcript recording this evidence was not available until October 1, 1976.

At oral argument the attorney for the Commission indicated that the State apparently made no effort to audit the Federal criminal trial or to take independent steps to obtain this evidence. Assuming *arguendo* that the April 26, 1976, hearing satisfied the 30-day requirement of section 11 and that the delay until October 1, 1976, was both reasonable and for good cause, we cannot agree that the delay between October 1, 1976, and the hearing on February 18, 1977, was reasonable and for good cause. The Commission offers several reasons for this delay of 140 days. It first contends that the request for a continuance by Ragano's attorney occasioned this delay. The record discloses that only one continuance was requested by Ragano's attorney. This continuance was prompted by the Commission's rescheduling of the hearing to January 28, 1977, a date on which Ragano's attorney was to be out of town. At all other times Ragano's attorney was prepared to proceed with the hearing.[4] The Commission also contends that the delay was attributable to the change in hearing officers. The record does not reveal when this change occurred, and we cannot presume that a delay of more than four months due to a change in hearing officers is reasonable. The Commission also contends that the delay "was attributable to the statutorily prescribed period of monthly meetings and the administrative practice of alternating such meetings between Chicago and Springfield." We are not persuaded by this reasoning. We are unaware of any statute or administrative practice which relieves the Commission from performing its statutory duty to provide an employee with a timely hearing and speedy adjudication of disciplinary charges against him. Based upon the facts established in the case at bar[5], we conclude that Ragano was denied a timely hearing and speedy adjudication of the disciplinary charges against him because the delay between the availability on October 1, 1976, of the transcript of his Federal criminal trial, and the hearing on February 18, 1977, was both unreasonable and without good cause. Because we so conclude, it is not necessary for us to reach the broader issue of whether the April 26, 1976, hearing satisfied the 30-day requirement of section 11.

Accordingly the judgment of the circuit court of Cook County is affirmed.

Affirmed.

STAMOS and DOWNING, JJ., concur.

---

[4] We note that this request for a continuance by Ragano's attorney cannot be construed as a waiver of Ragano's right to a timely hearing and speedy adjudication of the disciplinary charges against him. A waiver presupposes an intention to relinquish a known right. *Parsons v. Civil Service Com.* (1977), 50 Ill. App. 3d 519, 524, 365 N.E.2d 544.

[5] It is conceivable that under other circumstances a delay of either more than or less than 140 days could result in a contrary conclusion.