ALEXANDRE LITTLE, Plaintiff-Appellant, v. THE CIVIL SERVICE COMMISSION *et al.*, Defendants-Appellees.

Fourth District  No. 4—84—0589

Opinion filed March 25, 1985.

William S. Hanley and Jane Lynk, both of Sorling, Northrup, Hanna, Cullen & Cochran, Ltd., of Springfield, for appellant.

Londrigan, Potter & Randle, P.C., of Springfield, for appellees.

JUSTICE MILLS delivered the opinion of the court:
This male employee is charged with atrocious and odious acts of sexual harassment of female employees.
Yet—he was denied a hearing!
That is simply not fair.
We reverse and remand.
Alexandre Little was discharged without a hearing from his employment with the Governor's Office of Manpower and Human Development. The discharge was based on allegations that plaintiff sexually harassed several female employees.
The Civil Service Commission dismissed Little's appeal from the discharge and the circuit court of Sangamon County affirmed the dismissal. Little has brought the present appeal from the order of the circuit court affirming the dismissal of his appeal to the Civil Service Commission.

FACTS

Little became employed as a manpower planning specialist with the Governor's Office of Manpower and Human Development on April 17, 1978. He received a six-month probationary appointment on May 1, 1978.
On October 1, 1978, five months after Little's probationary appointment as manpower planning specialist, he was appointed to an executive V position. This position was within the State Economic Opportunity Office (SEOO), a division of the Governor's Office of Manpower and Human Development. At the time of Little's appointment to the executive V position, both the Department of Personnel and the Civil Service Commission treated all positions within the SEOO as exempt from the Personnel Code (Ill. Rev. Stat. 1979, ch. 127, par. 63b101 *et seq.*). Because the executive V position was exempt, Little was required by the personnel rules to take a leave of absence from his position as manpower planning specialist.
On November 1, 1978, six months after Little had received his probationary appointment as manpower planning specialist, he was

notified by the Department of Personnel of his certification in that position. His employment file with the Department reflects that he received certification as a manpower planning specialist on November 1, 1978.

On January 1, 1979, the Civil Service Commission, pursuant to section 4b of the Personnel Code (Ill. Rev. Stat. 1979, ch. 127, par. 63b104b), extended jurisdiction A, B, and C of the Personnel Code to all employees within the SEOO. After jurisdiction was extended to this office, Little was told by an employee of the Department of Personnel that he could not simultaneously hold two positions which were both subject to the Personnel Code. Acting on this information, Little resigned from his job as manpower planning specialist.

Also on January 1, 1979, Little received a provisional appointment as an executive V. He took a qualifying examination for this position on March 28, 1979, and thereafter received notice stating that a six-month probationary period would begin April 1, 1979.

Little was discharged on September 27, 1979, four days before the end of his six-month probationary period as an executive V. The Civil Service Commission dismissed Little's appeal from the discharge after finding that he was not properly certified and, therefore, the Commission had no jurisdiction to hear the appeal. Little filed a complaint for administrative review in the court below. That court found that the Commission's decision was not against the manifest weight of the evidence and affirmed the dismissal of Little's appeal from his discharge.

## OPINION

■ Little argues on appeal that he was entitled to a hearing before the Commission because he was a certified employee. The Commission acknowledged that Little had received notice of certification but it refused to grant him a hearing on the grounds that the certification was improper.

The Commission's decision was founded on Personnel Rules 2—300 and 2—310. Rule 2—300 states that employees who enter State service shall serve a probationary period of six months. The rule further provides:

> "If an employee is absent from work for more than 15 calendar days during the probationary period because of leave of absence *** such absence shall serve to extend the probationary period by the length of the absence."

Rule 2—310 states: "A probationary employee shall attain certified status only after successful completion of a probationary period."

The Commission determined that Little, having taken a leave of absence after serving only five months of his probationary period as a manpower planning specialist, had not successfully completed his probationary period and should not have been certified on November 1, 1978.

The fact remains, however, that Little *was* certified, and neither the Commission nor the Department of Personnel attempted to revoke or deny that certification until Little sought to exercise his rights as a certified employee following his discharge. We must, therefore, determine the effect of the deficiency in Little's probationary service—as determined by the personnel rules—on the certification granted to Little by the Department of Personnel.

The personnel rules are promulgated by the Director of Personnel pursuant to section 8 of the Personnel Code (Ill. Rev. Stat. 1979, ch. 127, par. 63b108). Proposed rules are submitted for approval to the Civil Service Commission. If the Commission does not disapprove of the rules within 30 days, the Director of Personnel may file them with the Secretary of State and, thereafter, the rules have the force and effect of law. See Ill. Rev. Stat. 1979, ch. 127, par. 63b108.

The Department of Personnel is required to comply with its own rules. Such rules as are lawfully adopted by an administrative agency pursuant to statutory authority have the force of law and binds the agency to them. (*Margolin v. Public Mutual Fire Insurance Co.* (1972), 4 Ill. App. 3d 661, 281 N.E.2d 728; see *Heavner v. Illinois Racing Board* (1982), 103 Ill. App. 3d 1020, 432 N.E.2d 290; *Hetzer v. State Police Merit Board* (1977), 49 Ill. App. 3d 1045, 365 N.E.2d 261.) However, cases which have held that an agency must comply with its own rules have generally involved situations where the agency's noncompliance prejudices one who is subject to the authority of the agency. See *Margolin v. Public Mutual Fire Insurance Co.* (1972), 4 Ill. App. 3d 661, 281 N.E.2d 728; *Heavner v. Illinois Racing Board* (1982), 103 Ill. App. 3d 1020, 432 N.E.2d 290; *Hetzer v. State Police Merit Board* (1977), 49 Ill. App. 3d 1045, 365 N.E.2d 261; *Holland v. Quinn* (1978), 67 Ill. App. 3d 571, 385 N.E.2d 92; *Illinois Bell Telephone Co. v. Allphin* (1981), 95 Ill. App. 3d 115, 419 N.E.2d 1188, *aff'd* (1982), 93 Ill. 2d 241, 443 N.E.2d 580; *Sye v. Wood Dale Fire Protection District No. 1* (1976), 43 Ill. App. 3d 48, 356 N.E.2d 938.

In the present case, the Department's noncompliance with Rule 2—310 in certifying Little did not prejudice Little. On the other hand, Little will suffer substantial prejudice if the Department is

now permitted to renege on the certification. The allegations against Little were no less than scandalous. A discharge without a hearing on these allegations could seriously damage Little's reputation and impair his chances of obtaining future employment.

To deny the certification, under the circumstances of this case, would be both unjust and inequitable. The Department itself treated Little as a certified employee even prior to his actual certification. On October 1, 1978, Little obtained a leave of absence to accept the executive V position while he was still serving a probationary period. Personnel Rule 3—155 provides:

> "The Director may approve leaves of absence for certified employees who accept appointment in a position which is exempt from Jurisdiction B of the Personnel Code."

The appellees have cited to no corresponding rule which allows probationary employees to take leaves of absence to accept exempt positions. Consequently, the Department must have considered Little to be a certified employee at the time he was granted a leave of absence.

In addition, the Commission's finding that Little was one month short of completing his probationary period was made in spite of the fact that Little had almost 12 months of continuous State service *after* he had already served five months of the probationary period. Personnel Rule 3—155 provides that, at the expiration of a leave of absence to accept an exempt position, an employee is entitled to be restored to the same or similar position "with continuous service *including the period of such leave.*" (Emphasis added.) Therefore, when jurisdiction under the Personnel Code was extended to the SEOO on January 1, 1979, Little had three months of continuous service for the time he was on leave. He then worked as an executive V from January 1, 1979, to September 27, 1979; nearly nine months.

Had the Department desired Little to complete the final month of probation as a manpower planning specialist, it should have allowed him to serve it upon his return from leave of absence on January 1, 1979. Instead, the Department directed Little to resign from the position at that time so that he could hold the executive V position. This is another instance where the Department treated Little as a certified employee, for Rule 2—320 provides: "An employee may not be promoted *** or transferred during the probationary period without the approval of the Director." Nothing in the record indicates that Little was given approval from the Director under Rule 2—320 to hold the executive V position.

It is apparent from the record that the Department maneuvered Little from position to position for its own convenience and without care as to whether its actions strictly complied with the personnel rules. The Department now argues, in effect, that because it played fast and loose with the rules, Little should be denied certified status—a status which Little had good reason to believe he had achieved and which the Department seemingly recognized until the time of the discharge.

We will not judge this case by the double standard urged by appellees. We hold that Little was a certified employee and was entitled to a hearing before the Civil Service Commission on the allegations against him.

■ Appellees have suggested at oral argument that Little's certification as a manpower planning specialist would not entitle him to a hearing because he was discharged while serving a probationary period as an executive V. This argument is without merit. Personnel Rule 2—625, which has been provided to us by appellees, provides:

> "For purpose of rules respecting discipline and discharge, 'certified employee' shall mean any employee who has satisfactorily completed a required period of probation and attained certified status *in any position* during the employee's most recent period of continuous State service." (Emphasis added.)

In addition, Rule 2—340 states: "A promoted employee previously certified may be discharged for cause during the probationary period and in such event, the employee has the same rights to appeal as a certified employee."

These rules are unambiguous. Little's certification as manpower planning specialist entitled him to a hearing from his discharge while serving his probationary period as an executive V.

Reversed and remanded.

GREEN, P.J., and McCULLOUGH, J., concur.