PEOPLES INDEPENDENT PARTY *et al.*, Appellees, v. THOMAS G. PETROFF, SR., Appellant.

Fifth District    No. 5—89—0140

Opinion filed December 18, 1989.

George E. Marifian, of Mathis, Marifian & Richter, Ltd., of Belleville, for appellant.

Ellen A. Dauber, of Cook, Shevlin, Keefe & Ysursa, Ltd., of Belleville, for appellees.

JUSTICE HOWERTON delivered the opinion of the court:

Petitioners formed a new political party, the Peoples Independent Party, by filing organization papers and a nomination petition with the Canteen Township clerk and were listed with their party affiliation as candidates for township positions for the consolidated election to be held April 4, 1989.

Respondent Thomas Petroff, Sr., filed an objection to the petition, alleging that petitioners had failed to attach to their nomination petitions a certificate stating the names and addresses of the party officers authorized to nominate or fill vacancies.

Respondent did not object to the individuals being on the ballot, but objected to the ballot also carrying their party affiliation.

The Electoral Board of Canteen Township, impaneled pursuant to the Election Code (Ill. Rev. Stat. 1987, ch. 46, par. 10—9), struck petitioners from the ballot. Petitioners filed for judicial review in accordance with the Election Code (Ill. Rev. Stat. 1987, ch. 46, par. 10—10.1). The circuit court reversed the Board and ordered the Peoples Independent Party and all its candidates be placed on the ballot.

The respondent appeals and we affirm.

The pertinent statute provides:

> "All petitions for nomination shall, besides containing the names of candidates, specify as to each:
>
> 1. The office or offices to which such candidate or candidates shall be nominated.
>
> 2. The new political party, if any, represented, expressed in not more than 5 words. ***
>
> 3. The place of residence of any such candidate or candidates with the street and number thereof, if any. ***
>
> * * *
>
> In addition, a new political party petition *shall* have attached thereto a certificate stating the names and addresses of the party officers authorized to fill vacancies in nomination pursuant to Section 10—11." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 46, par. 10—5.

The question this case presents is whether the expression "shall have attached" is mandatory or directory. If it is mandatory, the Electoral Board was correct in removing petitioners from the ballot; if it is directory, then the circuit court was correct in ordering petitioners be placed on the ballot.

Respondent contends that because the word "shall" appears in the statute, it must be considered mandatory.

Petitioners argue that the statute is not mandatory, but directory, and therefore, that a failure to attach to their nominating petitions a certificate stating the names and addresses of the party officers authorized to nominate or file vacancies should not preclude them from being placed on the ballot.

We agree with petitioners and affirm the circuit court for two reasons: (1) the statute is directory, not mandatory; and (2) the provision of the statute in question is not applicable because it does not become operative until a vacancy is created and an attempt to fill it is made.

■■ When the word "shall" appears in a statute it may be interpreted to mean "must" or "may" depending upon the context and intent of the legislature. *Village of Park Forest v. Fagan* (1976), 64 Ill. 2d 264, 268, 356 N.E.2d 59, 62.

In all of the cases relied upon by respondent to support his argument that the statute is mandatory, the failure to comply with a provision of the Election Code impaired the integrity of the election. See *Serwinski v. Board of Election Commissioners* (1987), 156 Ill. App. 3d 257, 509 N.E.2d 509 (candidates' failure to subscribe and swear to a statement of candidacy held to be fatal, given that oaths activate the perjury provisions of the Election Code); *Havens v. Miller* (1981), 102 Ill. App. 3d 558, 429 N.E.2d 1292 (candidates' failure to file statements of economic interest and to include sworn statement of person circulating nominating petition required striking candidates from ballot, since these provisions are necessary to protect the integrity of the electoral process); *Jones v. Municipal Officers Electoral Board* (1983), 112 Ill. App. 3d 926, 446 N.E.2d 256 (candidate stricken from ballot for failure to file statement of economic interest, and for placing title "Reverend" on nominating papers, because these provisions are necessary to protect the integrity of the nominating and electoral process).

In this case, however, petitioners' failure to file a certificate of officers to fill vacancies in no way affected the integrity of the electoral process.

■■ Where, as here, a statute does not provide sanctions for failure to comply with the provision in dispute, the requirement in the statute may be interpreted as being merely directory rather than mandatory. This would appear to be especially true where there is an absence of fraud and no showing that the integrity of the election would be affected adversely. See *People ex rel. Harris v. Powell* (1966), 35 Ill. 2d 384, 387, 221 N.E.2d 274, 275; *People ex rel. Meyer*

*v. Kerner* (1966), 35 Ill. 2d 33, 39, 219 N.E.2d 617, 620.

■ We, therefore, hold that this provision is directory, not mandatory.

■ We affirm also for another reason. An examination of the statutory scheme compels the conclusion that the provision of the statute relied upon by respondent is not applicable to this case.

Respondent makes no claim that petitioners failed to follow requirements contained in section 10—2 of the Election Code (Ill. Rev. Stat. 1987, ch. 46, par. 10—2) that appear to be mandatory to formation of a new political party; respondent concedes that the Peoples Independent Party was formed properly and legally is in existence.

Respondent instead claims that petitioners' failure to follow section 10—5 of the Election Code forces removal from the ballot of the party affiliation of the individual candidates. Ill. Rev. Stat. 1987, ch. 46, par. 10—5.

Section 10—5 sets out what is required to make up a valid petition for nomination, and requires attachment of a statement of economic interest, an oath, and a statement of candidacy. It further requires a new political party to attach to the petition for nomination the names and addresses of the party officers authorized to fill vacancies that may occur in candidacies for election to office. The intent of this section is clear. The name of the party, the names of the candidates, their residences, the offices they seek, their oaths, statements of candidacy, and statements of economic interest all are conditions precedent to access to the ballot. However, attachment of the certificate of the names and addresses of the persons authorized to fill vacancies is not a condition precedent to access to the ballot.

We are persuaded by the statutory scheme that the legislature simply intended to provide to a new political party an orderly and specific method for filling vacancies, but in no way intended to penalize the party or its candidates by striking them from the ballot solely because the certificate was not filed. In so doing, the legislature recognized that the political ferment that welds new political alliances tends also to concoct rival factions. The power to fill vacancies is no insignificant power, but in the case of a fledgling political party, it most likely represents complete control. The statute represents legislative intent to prevent those rival factions from bringing to the courthouse their conflicts thereby immersing courts in disputes that have mainly political rather than legal ingredients. The statute marches these rival factions away from the courthouse door and back into the political arena where, in a democratic society, they and their disputes so rightfully belong.

Petitioners' failure to file a certificate stating the names and addresses of the party's officers authorized to fill vacancies in nomination fostered no fraud; petitioners' failure to file the certificate did not harm the integrity of the election. The appropriate sanction for the failure to comply with the statutory provision would be to prohibit the new political party from nominating anyone to fill any vacancies that may occur, rather than to void the nominations of the candidates of the new political party. No vacancies occurred here. No sanction need be imposed. Therefore, section 10—5 has no application to the facts of this case.

The circuit court is affirmed.

Affirmed.

HARRISON and WELCH, JJ., concur.