THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HERBERT F. CRABBE, Defendant-Appellant.
Second District   No. 2—89—0520

Opinion filed March 15, 1990.

Mark A. Rouleau, of Crosby & Lambert, of Rockford, for appellant.

Paul A. Logli, State's Attorney, of Rockford (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Herbert F. Crabbe, appeals from a judgment of the circuit court which denied defendant's petition for rescission of the statutory summary suspension of his driving privileges, pursuant to section 2—118.1 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1). Defendant contends that the breath-analysis machine used to test his breath at the time of his arrest for driving under the influence of alcohol was not properly certified as accurate, thus rendering his breath-test result invalid and inadmissible. We affirm.

Officer Gary Reffett of the Rockford police department arrested defendant in the early morning hours of April 7, 1988. Officer Reffett charged defendant with driving under the influence of alcohol in violation of section 11—501 of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501). At the officer's request, defendant submitted to a breath-analysis test. Defendant's test result was .19. Following this test, Officer Reffett prepared a law enforcement sworn report and served notice upon defendant of the summary suspension of his driving privileges pursuant to section 11—501.1 of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1). Defendant timely filed a petition requesting rescission of the statutory summary suspension. The circuit court denied his petition and sustained the suspension. Defendant's timely appeal ensued; however, pursuant to defendant's motion, the circuit court stayed the suspension of his license pending the instant appeal.

The sole issue on appeal is whether the breath-analysis machine used to test defendant's breath was properly certified as accurate pursuant to State statutes and applicable regulations. Defendant contends that the machine used to test his breath was not accurate within the meaning of the Department of Public Health's regulations, thus rendering his breath test invalid and inadmissible. Defendant's contention is based on his interesting but ultimately unconvincing interpretation of the applicable regulations.

The parties stipulate that the breath-analysis machine in question, a Smith and Wesson Model 2000 Breathalyzer, with a serial number of 20567, was tested by a licensed inspector on April 6, 1989, the day before defendant's arrest. The parties further stipulate that the inspector conducted two analyses on the machine using a certified con-

trolled reference sample with a known ethyl alcohol concentration of .10% weight per volume and that the machine yielded .09% weight per volume values for both analyses.

The Department of Public Health promulgated regulations concerning the proper procedures for administering breath-analysis tests and maintaining accurate breath-analysis machines. (77 Ill. Adm. Code §510.10 *et seq.* (1985).) The regulations require breath-analysis machines to "be accurate within ± 0.01% W/V to be certified [as valid alcohol concentration analysis machines]." (77 Ill. Adm. Code §510.100(a) (1985); see also *People v. Davis* (1989), 180 Ill. App. 3d 749, 752-53.) As noted in *Davis*, the regulations define "W/V" as the weight of alcohol per volume of breath or other substance sampled. 180 Ill. App. 3d at 753, citing 77 Ill. Adm. Code §510.20 (1985).

Defendant asserts that the phrase "within ± 0.01%" means "less than ± 0.01%." Defendant argues that the April 6 analysis of the machine in question demonstrated that that machine's margin of error was not "within" the margin of error specified by the regulation. In support of his interpretation, defendant quotes various definitions of the term "within" and cites two appellate court decisions.

■ One definition offered by the defendant defines "within" to mean "in the limits or compass of [as in within a mile]." We note the following similar definition:

"(1) Not beyond the quantity, degree or limitations of; (2) in or into the scope or sphere of; (3) in or into the range of; (4) used as a function word to indicate a specified difference or margin." (Webster's Ninth Collegiate Dictionary 1355 (1986).)

With these definitions in mind, we believe the term "within" as used in the Department of Public Health's regulations means "range." In other words, pursuant to the regulations, a breath-analysis machine which yields test sample results ranging from +0.01% to -0.01% is certifiably accurate. Case law cited by defendant does not disturb our determination in this regard.

In *Hetzer v. State Police Merit Board* (1977), 49 Ill. App. 3d 1045, the defendant board maintained a promotional rule that candidates for promotion whose written exam grades were "within the highest 25%" of all grades would advance to oral interviews. In November 1974, 17 corporals took the test. Noting that 25% of 17 is 4.25, the defendant board took the top five candidates and advanced them to oral interviews. It explained its action was based on its long-established practice of rounding the percentage up to a whole number whenever the actual percentage resulted in a whole number and a fraction. The appellate court held that the phrase "within 25%" was

not ambiguous and, therefore, the board was not entitled to apply its long-standing practice in interpreting such ambiguous language. The court stated, "[f]ive is 29.41 percent of 17 and thus not *within* 25 percent of 17." (Emphasis in original.) (49 Ill. App. 3d at 1048.) We are unable to see how the holding in *Hetzer* supports defendant's assertion that the term "within" as used in the Department of Public Health regulations means "less than."

Defendant's other citation is equally inapposite. In *Sacks v. Legg* (1920), 219 Ill. App. 144, 148, the appellate court considered the phrase "within a radius of 300 feet." The court determined that the phrase required that "the whole territory embraced in the limits of such 300 feet should be included." (219 Ill. App. at 148.) Again, we are unable to discern support in *Sacks* for defendant's interpretation of "within."

As an appendix to his reply brief, defendant has submitted a photocopy of an operator's manual for the Smith and Wesson Model 2000 Breathalyzer. This document is extrinsic evidence and, as such, is not part of the record on appeal; thus, we shall not consider it. Nevertheless, the information contained in the operator's manual does not support defendant's contention, for it reveals that the Model 2000 breath-analysis machine provides for a numerical readout of only two digits to the right of the decimal point. In other words, it is apparent that the machine is capable of yielding numerical results of only .10, .11, .09, and so on. The machine in question produced sample test results of .09 when it was tested with controlled samples with a known alcohol concentration of .10. Clearly, the machine yielded a numerical value that was .01 less than the controlled samples' known concentration, or, put more simply, the machine erred by exactly .01. Defendant argues that, in order to be certified as accurate, the machine must err less than .01. Apparently, defendant believes that in order to satisfy the regulations' requirements, a breath-analysis machine must register sample test results that are + .009%; however, according to the design of the machine itself, a sample test result consisting of three digits to the right of the decimal point is simply impossible. Although we do not consider the operator's manual as part of the record on appeal, we offer the discussion above merely to illustrate the absurdity of defendant's interpretation.

■ We reiterate a statement we made earlier in *People v. Davis* and determine that the Department of Public Health's regulations clearly provide that the acceptable margin of error on a breath-analysis machine is ± .01%, a margin which is incorporated throughout the statutory scheme. See *Davis*, 180 Ill. App. 3d at 754.

In view of the foregoing, we reject defendant's novel interpretation of the term "within," and we affirm the order of the circuit court of Winnebago County sustaining the statutory summary suspension of defendant's driving privileges.

Affirmed.

UNVERZAGT, P.J., and DUNN, J., concur.