BRUCE SHAWGO, Petitioner-Appellee, v. THE DEPARTMENT OF CHIL-
DREN AND FAMILY SERVICES, Respondent-Appellant.

Fourth District No. 4—88—0779

Opinion filed May 4, 1989.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Deborah L. Ahlstrand, Assistant Attorney General, of Chicago, of counsel), for appellant.

Patrick J. O'Hara and Samuel S. Blane, both of Petersburg, for appellee.

JUSTICE GREEN delivered the opinion of the court:

Section 4 of the Abused and Neglected Child Reporting Act (Act) (Ill. Rev. Stat. 1987, ch. 23, par. 2054) requires various persons, most of whom work in the fields of providing (1) health care; (2) personal counseling; or (3) educational services, to report suspected cases of child neglect or abuse to the Department of Children and Family Services (DCFS). Section 7.4(b)(2) of the Act requires that, upon receipt of such a report, DCFS is to "make an initial investigation and an initial determination whether the report is a good faith indication of alleged child abuse or neglect." (Ill. Rev. Stat. 1987, ch. 23, par. 2057.4(b)(2).) Section 7.4(b)(3) of the Act then provides that, if such a "good faith" determination is made, DCFS shall make a formal investigation and advise "subjects" of the report as to their rights under the Act. (Ill. Rev. Stat. 1987, ch. 23, par. 2057.4(b)(3).) One of the rights of such "subjects" is to request, under section 7.16 of the Act, an expungement of the report and, if DCFS refuses to do so, to obtain a hearing to determine whether the report shall be expunged because it is "inaccurate" or not properly "maintained." Ill. Rev. Stat. 1987, ch. 23, par. 2057.16.

On July 8, 1988, petitioner Bruce Shawgo filed a pleading in the circuit court of Sangamon County entitled "Petition for Administrative Review to Expunge Indicated Report." The document appeared to seek review of a decision made under the Act by DCFS, which was named as a respondent, refusing to expunge a report naming petitioner as a "subject." DCFS moved to dismiss, contending only *final* administrative decisions were subject to such review (Ill. Rev. Stat. 1987, ch. 110, par. 3—104), and the petition showed on its face no final decision had been made. After a hearing, the court entered an order on October 4, 1988, denying the motion to dismiss and ordering DCFS to expunge a report in which petitioner was a "subject." DCFS has appealed (1) continuing to contend the circuit court had no jurisdiction in administrative review because of the lack of a final administrative decision; and (2) in any event, maintaining the petitioner had not shown grounds for obtaining expungement of the report.

 As we will explain, the operation of the Act here resulted in a

procedural morass. An able and experienced circuit judge apparently concluded that, despite technical difficulties, the only way to enable the petitioner to obtain justice without undue delay was to give a broad interpretation to the concept of a final administrative determination and proceeded accordingly. We recognize the frustration apparently suffered by the petitioner and the extra effort and expense which our decision will require of him to receive the hearing to which he is entitled. Nevertheless, we must conclude no final DCFS decision was shown by the record, and, thus, the circuit court had no jurisdiction to entertain an administrative review. For that reason, we must reverse the decision of the circuit court and remand the cause to that court with directions to dismiss the petition of the petitioner.

The petition filed by the petitioner in the circuit court alleged that (1) on October 13, 1987, he received notice from DCFS stating he had been "indicated" in an abuse report all pursuant to section 7.12 of the Act (Ill. Rev. Stat. 1987, ch. 23, par. 2057.12); (2) on October 20, 1987, petitioner requested an immediate hearing and furnished DCFS with all "pertinent" information it had requested; (3) DCFS denied petitioner a hearing while it conducted its investigation; (4) on January 6, 1988, pursuant to DCFS's direction, petitioner filed a written request to amend his original request for hearing; (5) on April 29, 1988, DCFS responded to petitioner's latest request stating his request for expungement was denied, and petitioner was entitled to a hearing under sections 7.16 and 7.17 of the Act (Ill. Rev. Stat. 1987, ch. 23, pars. 2057.16, 2057.17); (6) on April 30, 1988, he mailed to DCFS a request for hearing; and (7) more than 30 days had elapsed since his request for a hearing, and he had been denied a hearing. Petitioner requested (1) a review "to determine [his] rights" according to DCFS rules; (2) an order requiring DCFS to expunge the "indicated report"; and (3) an order ruling "that continued maintenance of" the report was in "bad faith."

The parties do not seriously dispute that the tenor of the petition was a request for review under the Administrative Review Law, section 3—106 of which requires the respondent agency to appear by "filing an answer consisting of a record of the proceedings had before it" or by filing either a motion or merely an appearance. (Ill. Rev. Stat. 1987, ch. 110, par. 3—106.) Here, DCFS appeared by filing both an appearance and a motion but did not have an opportunity to file any record of proceedings before it because the court proceeded to decide the case on the merits while ruling on the motion to dismiss. As no objection has been raised as to this proceeding, we assume the parties tacitly agreed the DCFS record may be deemed to be that which was

alleged in the petition.

The basis of the ruling by the circuit court and the position of the petitioner on appeal seem to be very similar. Both focus on the provision of section 7.16 of the Act which states that, if DCFS refuses a request to expunge a report, a "subject" of a report is entitled to a hearing which "shall be held within a reasonable time after the subject's request." (Ill. Rev. Stat. 1987, ch. 23, par. 2057.16.) Petitioner and the court have also relied on section 309.16 of DCFS's own rules, which requires a hearing on a request to expunge to be granted within 30 days of request. (89 Ill. Adm. Code §309.16(a) (1985).) DCFS and the circuit court deemed the foregoing to constitute a mandatory requirement that a hearing on the question of expungement be held within the 30 days of "a subject's" request for such a hearing or, in any event, that a hearing be held within a reasonable time. Petitioner and the circuit court maintain that, upon the failure of DCFS to conform to the mandatory requirement to set a hearing within the stated time, DCFS lost jurisdiction and its power to proceed further. The circuit court held, and petitioner agrees, that, when DCFS lost jurisdiction, its action in denying expungement on April 29, 1988, constituted a final decision by DCFS denying the relief requested.

Much of the argument between the parties concerns the question of whether the requirements placed on DCFS to hold a hearing within a prescribed time were "mandatory" or "discretionary." The theory expressed is that, if they were "mandatory," DCFS lost jurisdiction because of its delay in granting a hearing, but, if the requirements were only "discretionary," no loss of jurisdiction occurred. We do not deem that question to be dispositive.

We cannot interpret the action of DCFS on April 29, 1988, as a final decision. Section 7.16 of the Act begins by describing the right of a "subject" to request expungement. The section provides that, if the department refuses or fails to "act within 30 days, the subject shall have a right to a hearing" to determine whether expungement shall be required. (Ill. Rev. Stat. 1987, ch. 23, par. 2057.16.) Clearly, this denial of expungement is not deemed to be a final but a preliminary step in the procedure of ultimately determining a "subject's" right to expungement.

Petitioner correctly points out an administrative agency occasionally loses jurisdiction at a preliminary stage of proceedings because of administrative delay, and this loss of jurisdiction creates a result favorable to a party adverse to the agency. Petitioner cites *McReynolds v. Civil Service Comm'n* (1974), 18 Ill. App. 3d 1062, 311 N.E.2d 308. There, an action was brought before a governmental civil service

agency to discharge a State employee. The administrative agency did not grant a hearing within a statutorily required 30-day period. (Ill. Rev. Stat. 1971, ch. 127, par. 63b111.) After a subsequent hearing and order of discharge, the case came before the circuit court on administrative review. That court reversed on the basis the agency had lost jurisdiction to proceed, and the discharge was a nullity. The appellate court affirmed. A similar ruling was made in *Jackson v. Civil Service Comm'n* (1976), 41 Ill. App. 3d 87, 353 N.E.2d 331. In these cases the party obtaining the benefit was a party respondent to the proceedings and gained the benefit because the agency no longer had power to impose a burden, such as a discharge from civil service employment, upon the respondent.

Here, petitioner sought relief from the agency, and, if the agency lost the power to act, ordinarily the result of that loss of power would prevent the party seeking relief from getting it. The only cases called to our attention where a petitioner before an administrative agency has been held to be entitled to affirmative relief by the agency because of its failure to proceed with dispatch involve statutes which expressly provide for the granting of the relief upon the failure of the agency to act. For instance, section 40(a)(2) of the Environmental Protection Act states that a failure of the Environmental Protection Agency to act within a stated time on an application for a permit for a facility subject to pollution control operates as a granting of the permit. (Ill. Rev. Stat. 1987, ch. 111½, par. 1040(a)(2); *Illinois Power Co. v. Pollution Control Board* (1983), 112 Ill. App. 3d 457, 445 N.E.2d 820.) We see no indication here of a legislative intent that a "subject" is to be entitled to expungement upon any failure to act by DCFS.

■ Moreover, even if loss of jurisdiction by DCFS rendered the denial to expunge issued April 29, 1988, a final decision, we cannot say on this record that the decision was in error because the petition presents no record upon which we can find error. Petitioner maintains the lack of a record requires a determination in favor of the petitioner because section 7.16 of the Act places the burden of establishing the "accuracy and consistency of the record" sought to be expunged upon DCFS. (Ill. Rev. Stat. 1987, ch. 23, par. 2057.16.) However, that burden arises at the later hearing which was never held here. It is not a burden placed upon DCFS in determining whether to deny an initial request for expungement which is the decision petitioner deems to be on administrative review. We cannot say DCFS erred in making that order.

■ Lastly, although our decision is not based primarily on a determination as to whether DCFS lost jurisdiction, we hold it did not

lose jurisdiction by its apparently dilatory conduct in affording petitioner a hearing. The parties cite cases containing various rules used to determine legislative intent. We recognize a dual policy in the Act. One purpose is to protect children from neglect and abuse. The Act is also intended to protect subjects from the detrimental effect of inaccurate reports. However, we note the legislature did not prescribe a definite time for the holding of the hearing, after demand has been made for one. No case has been called to our attention where a court has found a legislative intent to deprive an agency of jurisdiction for failure to proceed when the legislation did not specify an exact time in which the action must take place.

When an agency loses jurisdiction and later purports to act, that purported action is subject to collateral attack. A most uncertain situation would exist if, on collateral attack, a later determination of the validity of action depended upon whether the agency proceeded within a reasonable time. Here, DCFS properly enacted rules requiring a hearing within 30 days of demand, but we cannot assume that action was in the minds of the members of the General Assembly when section 7.16 was enacted. We hold the legislature did not intend that the provision requiring DCFS to hold a hearing within a reasonable time after request limit the jurisdiction of the agency.

■ As we have mentioned earlier, the record indicated substantial delay on the part of DCFS which would appear to have been very detrimental to petitioner. Nothing we have said in regard to our determination that DCFS did not lose jurisdiction should be taken to indicate DCFS can properly refuse to proceed beyond the time frame of its rules. We share the obvious concerns of the circuit court as to the prejudice to plaintiff. We differ as to remedy. We conclude the proper remedy for a petitioner before an administrative agency when the agency refuses a clear right to a hearing is to proceed in *mandamus*. *People ex rel. Abner v. Kinney* (1964), 30 Ill. 2d 201, 195 N.E.2d 651.

Accordingly, we reverse the judgment of the circuit court and remand to the circuit court with directions to dismiss the petition before that court.

Reversed and remanded with directions.

McCULLOUGH, P.J., and LUND, J., concur.