THIRD DIVISION

December 8, 1999

Nos.  
1-97-4659 and 1-98-2638 (Cons.)

WILLIAM NOLAN, FRATERNAL ORDER OF ) Appeal from the

POLICE, CHICAGO LODGE NO. 7, and ) Circuit Court of

WILLIAM JACONETTI, ) Cook County.

)

Petitioners-Appellants, )

)

v. )

)

TERRY G. HILLARD, Superintendent of )

the Chicago Police Department, THE )

CITY OF CHICAGO, and MAYOR RICHARD )

M. DALEY, ) Honorable

) Ronald C. Riley,

Respondents-Appellants. ) Judge Presiding.

JUSTICE CERDA delivered the opinion of the court:

In this consolidated appeal, plaintiffs, the Fraternal Order of Police ("FOP"), Chicago Lodge No. 7 ("Lodge No. 7"), through its president and representative William Nolan, and on behalf of William Jaconetti, a Chicago police officer, and other officers represented by Lodge No. 7, seek review of the circuit court's order denying their motion for a preliminary injunction to enjoin defendants, the City of Chicago, the City's mayor, Richard M. Daley, and the superintendent of the Chicago Police Department ("CPD"), Terrance Hillard,
(footnote: 1) from administering an exam for police officers seeking promotion to the rank of sergeant (case no. 1-

97-4659).  Plaintiffs further seek review of the circuit court's order dismissing with prejudice count one of their complaint for declaratory judgment and injunctive relief filed against the same defendants in connection with said promotion examination (case no. 1-98-2638).  We have jurisdiction of case no. 1-97-4659 pursuant to Supreme Court Rule 307(a)(1), and of case no. 98-2638 pursuant to Supreme Court Rules 301 and 303(a).  For the following reasons, we affirm in part, reverse in part, and remand with directions.

BACKGROUND

On October 20, 1997, and again on November 4, 1997, the City's Department of Personnel (Department) announced it would be conducting a promotional examination for police officers to the rank of sergeant commencing with a written qualifying test scheduled for January 10, 1998.  Per these announcements, the examination would consist of three parts - the written qualifying test, a merit selection process, and an assessment exercise.

Officers who passed the written test would be placed on a merit selection eligible list, and would be considered for promotion pursuant to a merit selection process.  Moreover, those officers attaining the highest scores on the written qualifying test would also be eligible to participate in an assessment exercise for placement on an assessment eligible list.  A maximum of thirty percent (30%) of promotions would be made from the merit list, while the remaining percentage of promotions would be made from the assessment list.  Applicants who failed to pass the qualifying test would not be placed on either the merit or assessment list, and would not otherwise be eligible for promotion.

The announcements further stated that an applicant must
 possess a minimum level of college education credits for promotion.  The October 20 announcement originally required an applicant to have a minimum of 60 semester hours of credit prior to December 31, 1997.  This requirement was revised by the November 4 announcement, which lowered the number of necessary college credits to 45 semester hours by the December 31 date.  The revised announcement further stated that an applicant would need an additional 15 semester hours of credit, for a total of 60 hours, to be eligible for promotion.

To prepare applicants for the qualifying test, the City made available for review a comprehensive collection of study materials to each police district and area headquarters, recognized police associations, and Chicago public libraries.

Jaconetti, a police officer with the CPD, applied for the 1998 sergeants examination.  However, because he did not possess the requisite level of college education, and would not achieve that educational level by December 31, 1997, Jaconetti could not be eligible for promotion under the announced promotional guidelines.

On November 21, 1997, the FOP and its local union, Lodge No. 7, through its president William Nolan, and on behalf of plaintiffs, Officer Jaconetti and "all affected members represented by Lodge No. 7," filed a verified two-count complaint for declaratory judgment and injunctive relief against the City, mayor Daley, and the former superintendent Rodriguez, seeking, in part, a declaration that the City was prohibited from administering the sergeants examination because its announced process is contrary to the City's Personnel Rules (Personnel Rules) and therefore violates state law.

In count one of the complaint, plaintiffs allege the City, when administering promotional exams, is bound by the authority granted it under the applicable portions of the Personnel Rules.  Plaintiffs assert that the rules governing promotions do not allow the City to either impose an education requirement on an applicant or consider an applicant's "merit" in the decision making process.  In support of their averments, plaintiffs cite Rule VI, section three, and Rule X, section one, as amended October 14, 1997.  Section three of Rule VI, which addresses examinations used in conducting promotions, states in relevant part:

"A promotional examination may comprise any or all of the following 
job-related
 
parts
 as determined by the Commissioner of Personnel:

(a) Evaluation of training and experience;

(b) Written, oral, performance, or other tests of fitness;

(c) Evaluation of performance and/or promotional potential based on past performance;

(d) Seniority in the class or classes from which promotion is sought."

(Emphasis added.) Personnel Rules, City of Chicago, Rule VI, § 3 (October 14, 1997).

Rule X, section one, which describes the Department's policy regarding employee promotions, provides in pertinent part:

"
Vacancies will be filled where appropriate through the use of promotional examinations.

***

The Commissioner of Personnel shall develop promotional procedures that give appropriate consideration to the applicants' qualifications, records of performance and abilities.

A discrete part of a promotional examination may determine merit based on evaluation of the applicants' records of performance by the employing department.  The method of evaluation shall be prescribed by the Commissioner of Personnel.  In such a case, the Commissioner of Personnel may maintain two promotional lists based on a single examination; one based on evaluation of record of performance and one based on the remaining parts of the examination."  Personnel Rules, City of Chicago, Rule X, § 1 (October 14, 1997).

Plaintiffs claim the announced promotional process violates section three of Rule VI because that provision neither authorizes the City to include an education requirement or a "merit" component as part of the sergeants examination.  The announced process also allegedly violates section one of Rule X because that provision similarly fails to allow the City to make "merit" based promotions.

Plaintiffs lastly allege in count one that the City's distribution of study materials for the written qualifying exam resulted in a disadvantage to certain applicants, and thus violated section six of Rule VI, which 
discusses the conduct of examinations for promotional employment.
(footnote: 2)  See Personnel Rules, City of Chicago, Rule VI, § 6 (October 14, 1997).

Based on the foregoing alleged violations, plaintiffs seek a declaration that the Personnel Rules bind the City in developing promotional procedures and conducting their exams.  Plaintiffs request a permanent injunction to enjoin the City from implementing the education requirement as a prerequisite to promotion, and from making any promotion based upon merit or any other factor other than the results of competitive testing.

In addition to their complaint, plaintiffs filed a motion for a preliminary injunction to enjoin the City from administering the January qualifying test.  The circuit court held a hearing on plaintiffs' motion on December 8 and 9, 1997, at which various evidentiary exhibits and testimony of several witnesses were presented.  Following the hearing, the circuit court declined plaintiffs' request to enjoin the administration of the January 1998 exam.  Plaintiffs filed a motion for a stay pending appeal with the circuit court on December 23, 1997, which was denied the following day.  On the same day, plaintiffs filed an interlocutory appeal (no. 1-97-4659) from the court's order denying its motion for a preliminary injunction.  On December 30, 1997, plaintiffs petitioned this court to stay the circuit court's order pending the outcome of its appeal.  This court denied plaintiff's petition on January 6, 1998, and set oral arguments in the case for November 18, 1998.

Meanwhile, on December 2, 1997, defendants moved to dismiss plaintiffs' complaint pursuant to sections 2-615, 2-619, and 2-

619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-

619, 2-619.1 (West 1996)).  In their motion, defendants argue that plaintiffs' claims asserted in count one should be dismissed under section 2-615 of the Code for failure to state a cause of action and, with specific respect to mayor Daley and superintendent Hillard, for failure to describe their alleged wrongdoing with the requisite particularity.  Defendants alternatively contend that the claims in count one should be dismissed under section 2-619 of the Code because plaintiffs lack standing to bring the instant action and are barred by the doctrine of laches in seeking relief.  Defendants' section 2-619 motion is supported with, 
inter
 
alia
, applicable portions of the Chicago Municipal Code (Municipal Code) and the Personnel Rules, notice 93-28 issued by the CPD in June 1993, and the affidavit of the deputy commissioner of the Department, Robert Joyce.

CPD notice 93-28 explained, 
inter
 
alia
, that officers intending to seek promotion to sergeant would be required to complete two years of college education before they would be eligible for promotion, and indicated that this prerequisite would take effect with the administration of the 1996 sergeants examination.  Joyce's affidavit establishes that although the Department received Jaconetti's application for the 1998 sergeants examination, he did not take the written qualifying test.

The circuit court granted defendants' motions and on June 19, 1998, dismissed the claims contained in count one with prejudice.  Plaintiffs filed a timely notice of appeal from this ruling on July 9, 1998 (No. 1-98-2638).

On November 5, 1998, this court granted plaintiffs' motion to strike the oral arguments scheduled in case No. 1-97-4659, and to consolidate that matter with case No. 1-98-2638 for argument and consideration.

ANALYSIS

Case No. 1-97-4659

Plaintiffs initially challenge the circuit court's ruling denying their request to preliminarily enjoin the January 1998 qualifying exam.  Appellate counsel for plaintiffs acknowledged at arguments before this court that the qualifying test was administered as scheduled in January 1998, and that two rounds of promotions, resulting in the elevation of approximately 300 officers to the rank of sergeant, have been completed since that time.  Consequently, we find plaintiffs' challenge moot.

A case on appeal is moot and will be dismissed where the issue involved in the circuit court no longer exists because events occurring after the filing of the appeal render it impossible for the reviewing court to grant effectual relief to the complaining party.  
Richardson v. Rock Island County Officers Electoral Board
, 179 Ill. 2d 252, 256, 688 N.E.2d 633, 635 (1997).  Therefore, issues arising from the circuit court's order are moot when, "because of developments following the issuance of that order, reversal of the order can have no practical effect on the controversy."  
In re Justin T
, 291 Ill. App. 3d 872, 876, 684 N.E.2d 930, 933 (1997).

This particular appeal originates from an order denying plaintiffs request for a preliminary injunction, and presents the sole issue of whether the circuit court erred in allowing the City to administer the qualifying test as scheduled.  As mentioned, the testing at issue has been completed and several promotions have been made, in part, from the scores derived from that exam.  Because we can no longer preserve the status quo of the parties by granting plaintiffs' requested relief, plaintiffs appeal must be dismissed as moot.  We are aware of the exception to the mootness doctrine that allows us to consider a moot issue that involves a substantial public or private interest (
Richardson
, 179 Ill. 2d at 256, 688 N.E.2d at 635), but we need not consider the applicability of that exception here where our proceeding analysis in case No. 1-98-2638 will adequately address the concerns raised by plaintiffs.

Case No. 1-98-2638

In this case, plaintiffs appeal the dismissal of count one of their complaint for declaratory and injunctive relief pursuant to sections 2-615 and 2-619 of the Code.  We initially consider the matters raised by defendants in their section 2-619 motion.  A section 2-619 motion raises defects or defenses that negate the plaintiff's cause of action completely or refute crucial conclusions of law or conclusions of material fact that are unsupported by allegations of specific fact.  
Lawson v. City of Chicago
, 278 Ill. App. 3d 628, 634, 662 N.E.2d 1377, 1382 (1996).  All well-pleaded facts in the complaint together with all reasonable inferences
 drawn therefrom are deemed admitted (
Lawson
, 278 Ill. App. 3d at 634, 662 N.E.2d at 1382), and all pleadings and supporting documents are construed in a light most favorable to the non-moving party.  
In re Chicago Flood Litigation
, 176 Ill. 2d 179, 184, 680 N.E.2d 265, 268 (1997).  Conclusions of law or fact not supported by allegations of specific fact, however, are not admitted.  
Lawson
, 278 Ill. App. 3d at 634, 662 N.E.2d at 1382.  We review a dismissal motion brought under section 2-619 
de
 
novo
.  
Lawson
, 278 Ill. App. 3d at 634, 662 N.E.2d at 1382.

In their motion, defendants challenge the standing of the FOP and its president Nolan, as well as officer Jaconetti, to maintain the instant action.  See 
Glisson v. City of Marion
, No. 86160, slip opn. at 6 (Ill. October 21, 1999) (holding that lack of standing is an "affirmative matter" that is properly raised under section 2-619(a)(9)).  The doctrine of standing seeks to ensure that the courts are deciding actual, specific controversies, and not abstract questions or moot issues.  
In re Estate of Wellman
, 174 Ill. 2d 335, 344, 673 N.E.2d 272, 276 (1996).  The standing doctrine requires that a party, either in an individual or representative capacity, possesses a real interest in the cause of action and in its outcome.  
Wellman
, 174 Ill. 2d at 344, 673 N.E.2d at 276.  To satisfy the standing requirement, a party must suffer some injury in fact to a legally cognizable interest.  
Messenger v. Edgar
, 157 Ill. 2d 162, 170, 623 N.E.2d 310, 314 (1993).  The party must have sustained, or be in immediate danger of sustaining, a direct injury as a result of the complained of conduct.  
Messenger
, 157 Ill. 2d at 171, 623 N.E.2d at 314.

As noted, the claims asserted in count one of the complaint are brought by the FOP and Nolan on behalf of Officer Jaconetti and "all affected members" represented by the union and subject to the terms and conditions of the 1998 promotional examination.  These claims are not asserted by Nolan or Jaconetti individually, or any other police officer who applied for the sergeants exam.

Under the well established law of this state, an association's status is, by itself, insufficient to allow it to assert an action for declaratory and injunctive relief on behalf of its members.  To have standing to maintain such an action, an association must have a recognizable interest in the dispute peculiar to itself and capable of being affected.  
Underground Contractors Association v. City of Chicago
, 66 Ill. 2d 371, 377, 362 N.E.2d 298, 301 (1977); 
Cable Television and Communications Association of Illinois v. Ameritech Corp.
, 288 Ill. App. 3d 354, 356-57, 680 N.E.2d 445, 447-48 (1997); 
Westwood Forum, Inc. v. City of Springfield
, 261 Ill. App. 3d 911, 921-22, 634 N.E.2d 1154, 1162 (1994); 
Forsberg v. City of Chicago
, 151 Ill. App. 3d 354, 370, 502 N.E.2d 283, 297 (1986).  Accordingly, an association does not have standing to sue on behalf of its members, even those members allegedly affected by the challenged action, "unless it has been or will be directly injured and therefore has a personal claim related to its own property, or that it has suffered or will suffer injury to a substantive legally protected interest in its individual capacity."  
Cable Television
, 288 Ill. App. 3d at 357, 680 N.E.2d at 447.

In this case, neither the FOP nor Nolan have demonstrated any injury or threat of injury to themselves as a result of the administration of the 1998 sergeants examination.  The FOP, as a police association, cannot possibly participate in the exam process, and Nolan, although a police officer eligible to seek promotion, has not alleged to have applied for the test or to have any interest in doing so.  In an effort to show the requisite injury, the FOP and Nolan assert that if they are not allowed to pursue this cause, the union risks losing its position as collective bargaining representative of all police officers in its bargaining unit.  In turn, they argue the union would experience "both political and financial ramifications."  As argued, any loss by the union of its dues-paying membership would be a result of a lack of standing on behalf of the FOP and Nolan to bring suit, and would not be directly traceable to defendants' actions.  We additionally fail to understand how this speculative injury could be a direct result from the exam's administration.

The FOP and Nolan further contend their status as a union and union president, respectively, representing police officers in collective bargaining matters is alone sufficient to confer their standing in this case.  In support of their proposition, the FOP and Nolan cite 
Local 1894, American Federation of State, County and Municipal Employees v. Holsapple
, 201 Ill. App. 3d 1040, 559 N.E.2d 577 (1990), and 
International Association of Firefighters, Local #23 v. City of East St. Louis
, 206 Ill. App. 3d 580, 565 N.E.2d 264 (1990).  These decisions, however, do not address the matter of standing as to the particular unions involved, and consequently do not support the claim made by the FOP and Nolan here.  Moreover, we have found no authority which would allow us to exempt labor unions from demonstrating the necessary injury required of other voluntary associations under this state's standing doctrine.

Defendants similarly argue officer Jaconetti lacks standing to question the validity of the promotional exam process.  Defendants maintain that since Jaconetti failed to sit and take the January 1998 qualifying test, he cannot now challenge either the imposition of the educational requirement or the implementation of the merit component.  Defendants do not question Jaconetti's standing to challenge the City's distribution of its study materials.

The effect of the education requirement is to foreclose the promotion of any exam applicant who has not successfully completed two years of college education.  Jaconetti, who seeks promotion but does not and will not possess the requisite level of college education when promotions are conducted, is clearly injured by this requirement.  Contrary to defendants' suggestion, Jaconetti's injury would not have been alleviated by sitting for the January qualifying test.  Even if Jaconetti took and obtained a sufficiently high score on that test, he would nevertheless be excluded from the promotional process for not attaining the necessary amount of college credits.  Since the instant action presents an actual controversy between the parties, we find Jaconetti has standing to attack the validity of the exam's educational prerequisite.

In the alternative, defendants argue Jaconetti's challenge is barred by the equitable doctrine of laches.  Laches is an affirmative and equitable defense which precludes the assertion of a claim by a party whose unreasonable delay in raising that claim has prejudiced his opponent.  
Hauser v. Chicago Park District
, 263 Ill. App. 3d 39, 40-41, 640 N.E.2d 294, 295 (1994).  According to defendants, Jaconetti should have brought this action in June 1993 when the CPD issued notice 93-28.  Since Jaconetti unreasonably waited over four years to institute the instant matter, defendants claim the laches doctrine operates to bar Jaconetti from contesting the City's actions.  We disagree.

The 
laches
 doctrine presupposes that the party in delay could have in fact asserted his rights at a prior time.  As noted, CPD notice 93-23 simply advised officers of the City's intention to require a certain level of college education among candidates seeking promotion to sergeant before they would be elevated in rank.  This requirement was not implemented by the CPD's notice, and the record shows that the requirement was first imposed upon officers taking the 1998 sergeants exam.  As such, no officer, including Jaconetti, was subject, and thereby affected, by the educational requirement prior to the time it took effect in late 1997.  Jaconetti had no standing to file suit in June 1993 because he neither had suffered an injury nor was in the immediate danger of suffering any injury as a result of the City's announced plan to revise its educational policy.  Jaconetti diligently filed the instant action once the educational requirement was applied and soon after it became apparent that he would never be promoted pursuant to the 1998 sergeants exam.  Further, any challenge instituted by Jaconetti when the City's intentions were announced would have been premature, and thus would have not presented a requisite case or controversy.  Since Jaconetti could not have maintained an action in 1993, we find the 
laches
 doctrine inapplicable to bar his instant challenge.

Jaconetti, however, has no standing to contest the City's authority to make merit-based promotions.  As previously discussed, the primary concern of the standing doctrine is that a party have a real interest in the action brought and in its outcome.  In deciding whether a party has standing, we must "look at the party to see if he or she will be benefitted by the relief granted."  
In re Marriage of Rodriguez
, 131 Ill. 2d 273, 280, 545 N.E.2d 731, 734 (1989).  Jaconetti lacks a sufficient interest in the outcome of his claim because he is not on the merit promotion eligibility list.  If we were to determine that the merit component of the exam process is invalid, Jaconetti would not benefit from our ruling because he withdrew from the promotional process before taking the January qualifying test.  Jaconetti could not have been considered for promotion, merit-based or otherwise, without first having passed the written qualifying test.  See 
Harney v. Cahill
, 57 Ill. App. 2d 1, 11-12, 206 N.E.2d 500, 506 (1965) (finding the plaintiffs lacked standing to challenge validity of promotional examination where they did not pass initial written test and consequently failed to be placed on eligibility list).  Further, by not advancing to the second step of the exam process, Jaconetti has not and will not be injured by the merit component.

In any event, assuming Jaconetti has standing, his challenge would fail in light of the express language contained in section 1 of Rule X, which explicitly allows the DOP to consider merit as a basis for making promotions.
  Personnel Rules, City of Chicago, Rule X, § 1 (October 14, 1997); see also Personnel Rules, City of Chicago, Notes on Amendments (October 14, 1997) (stating that section one of Rule X was revised to provide for eligibility lists "in order to permit their use for merit appointments").

We next consider defendant's section 2-615 motion to dismiss.  A motion to dismiss brought pursuant to section 2-615 attacks the legal sufficiency of the complaint, and presents the question of whether the complaint states a cause of action upon which relief could be granted.  
Grund v. Donegan
, 298 Ill. App. 3d 1034, 1037, 700 N.E.2d 157, 159 (1998).  All pleadings must be construed in a light most favorable to the nonmoving party (
In re Chicago Flood Litigation
, 176 Ill. 2d at 184, 680 N.E.2d at 268)), and all well-pleaded facts in the complaint, as well as all reasonable inferences drawn therefrom, are taken as true.  
Lawson v. City of Chicago
, 278 Ill. App. 3d 628, 634, 662 N.E.2d 1377, 1382 (1996).  Conclusions of law or conclusion of fact not supported by allegations of specific fact, however, are not admitted.  
Lawson
, 278 Ill. App. 3d at 634, 662 N.E.2d at 1382.  A complaint should be dismissed under section 2-615 only where the court can clearly determine that no set of facts could be proved under the pleadings that would entitle the plaintiff to recovery.  
Bryson v. New America Publications, Inc.
, 174 Ill. 2d 77, 86-87, 672 N.E.2d 1207, 1214 (1996).  Since this determination is one of law, our review is conducted 
de
 
novo
.  
Lawson
, 278 Ill. App. 3d at 634, 662 N.E.2d at 1382.

As defendants Daley and Hillard contend, the complaint's allegations are inadequate to state a claim against them.  Because Illinois is a fact-pleading jurisdiction, a complaint must allege ultimate facts sufficient to set forth the essential elements of the cause of action being asserted.  
Anderson v. Vanden Dorpel
, 172 Ill. 2d 399, 408, 667 N.E.2d 1296, 1299 (1996).  Accordingly, a complaint must set forth facts sufficient to identify the wrongful actions allegedly committed by the defendant.

Here, the complaint simply alleges that Daley, as mayor, has the power to "execute and implement all ordinances" enacted by the City.  No other allegations concerning Daley are contained in the complaint.  In Hillard's case, the complaint alleges that Hillard's powers as superintendent do not include the ability to make promotions based upon "merit".  Yet, the complaint does not contest, let alone identify, any specific merit-based promotion conducted by the CPD.  Accordingly, mayor Daley and Hillard were properly dismissed by the circuit court.

We now turn to Jaconnetti's contention that the City is precluded, as a matter of law, from imposing the requirement that officers complete two years of college education in order to be eligible for promotion to sergeant.  According to Jaconetti, the consideration of a candidate's educational background is not provided under the Personnel Rules.

To determine the propriety of the educational requirement, we must necessarily examine the applicable provisions of the Municipal Code and the Personnel Rules.  The law is well established that an administrative agency, like the Department, exercises purely statutory powers and possess no inherent or common law powers.  
McArdle v. Rodriguez
, 277 Ill. App. 3d 365, 373, 659 N.E.2d 1356, 1362 (1995).  The Department's powers are limited to those granted by an express provision of the law it administers, or found by fair implication or intendment from the agency's express authority to be incident to accomplishing the objectives for which the agency was created.  
McArdle
, 277 Ill. App. 3d at 373, 659 N.E.2d at 1362.  The limitation placed on an administrative agency is applied with added force to civil service rules because such rules are generally deemed part of the employment contract.  
McArdle
, 277 Ill. App. 3d at 373, 659 N.E.2d at 1362.

Judicial review of the interpretation given an administrative agency of its own rules is conducted 
de
 
novo
.  
Finnerty v. Personnel Board of the City of Chicago
, 303 Ill. App. 3d 1, 12, 707 N.E.2d 600, 609 (1999)).  Yet, the agency's interpretation is entitled to "respectful consideration" (
Brown v. Chicago Park District
, 296 Ill. App. 3d 867, 874, 695 N.E.2d 1315, 1320 (1998)), and enjoys a presumption of validity.  
Hoffman v. Board of Fire and Police Commissioners
, 175 Ill. App. 3d 219, 224, 529 N.E.2d 790, 794 (1988).  This determination, however, is not binding on this court and will not be followed where clearly erroneous, arbitrary or unreasonable.  
McArdle
, 277 Ill. App. 3d at 375, 659 N.E.2d at 1362; 
Brown
, 296 Ill. App. 3d at 874, 695 N.E.2d at 1320.

The same rules used in construing statutes are also applied when interpreting the meaning of a municipal ordinance or agency rule.  
Brown
, 296 Ill. App. 3d at 875, 695 N.E.2d at 1320; 
McTigue v. Personnel Board of the City of Chicago
, 299 Ill. App. 3d 579, 588, 701 N.E.2d 135, 142 (1998).  The primary aim in all such cases is to ascertain and give effect to the drafter's intent.  
McTigue
, 299 Ill. App. 3d at 589, 701 N.E.2d at 142.  The best indicator of this intent is the language used in the ordinance or rule (
American National Bank v. Powell
, 293 Ill. App. 3d 1033, 1038, 691 N.E.2d 1162, 1166 (1997)), which is to be given its plain and ordinary meaning.
  
Finnerty
, 303 Ill. App. 3d at 13, 707 N.E.2d at 609.

The Municipal Code directs the Department's commissioner to promulgate rules 
"for promotions which shall give appropriate considerations to the applicant's qualifications, record of performance and ability[.]"  Chicago Municipal Code § 2-74-050(6) (1990).  The Municipal Code therefore contemplates that the Department would develop rules that, with a certain degree of detail, touch upon these matters.  In response, the Department drafted Rule VI, section three.  Section three specifically discusses the composition of exams used in making promotions, and sets forth a non-exclusive list of certain "job-related parts", such as the evaluation of a candidate's training, performance, and/or experience, the administration of fitness tests, and/or the consideration of the candidate's class seniority.  Upon a reading of this provision, it is clear that the promotional parts explicitly listed, or those that may be subsequently developed, pertain to matters concerning a candidate's employment.  Consequently, matters beyond the candidate's professional duties, such as his or her educational background, are not proper considerations during the promotional process.

We stress that the Department is under a legal duty to follow its own rules.  
Felle v. Metropolitan Sanitary District of Greater Chicago
, 167 Ill. App. 3d 121, 126, 520 N.E.2d 1012, 1016 (1988); 
Little v. Civil Service Commission
, 131 Ill. App. 3d 848, 851, 476 N.E.2d 448, 450 (1985).  Such rules have the force and effect of law and, as such, are binding on the Department.  
McTigue
, 299 Ill. App. 3d at 588, 701 N.E.2d at 142; 
Little
, 131 Ill. App. 3d at 851, 476 N.E.2d at 450.  The requirement that officers taking the 1998 sergeants exam successfully complete two years of college education as a precondition to promotion does not conform to the promotional process as described by the Personnel Rules.  Review of a candidate's educational background is not explicitly listed in the rules governing promotions, nor can we reasonably construe the rules to allow for such a consideration.  We note that under section two of Rule VI, the Department is expressly allowed to consider the educational background of a person applying to take a general employment exam.  Personnel Rules, City of Chicago, Rule VI, § 2 (October 14, 1997).  Yet, section three of the same rule governing promotions fails to contain similar language.  Where a particular provision appears in legislation, the failure to include that same provision in another section of the legislation will not be deemed to have been inadvertent, but rather intended by the drafters.  
Siciliano v. Village of Westchester Firefighters' Pension Fund
, 202 Ill. App. 3d 964, 967, 560 N.E.2d 885, 887 (1990).

Per the language of Rule VI, section three, the Department promised officers interested in taking the 1998 sergeants examination that the promotional process would be composed of certain "job related" components.  Those officers had a reasonable expectation that the Department would develop promotional criteria on that basis.  See 
McTigue
, 299 Ill. App. 3d at 590, 701 N.E.2d at 143 (finding that City's personnel rules constituted a contractual promise to its employees that discharges from employment would be conducted in particular matter).

We conclude the Department violated its own rules by imposing the two-year college education requirement for the 1998 sergeants exam.  As for Jaconetti's relief, we direct that Jaconetti be allowed to take the next scheduled examination.  We note that if the DOP amends its rules before that examination to allow for the consideration of a candidate's education, Jaconetti would not be subject to that change.  Accordingly, the imposition of the same or similar educational prerequisite involved in this case would not bar Jaconetti from being promoted provided he successfully completes each stage of the exam process.  If Jaconetti is unsuccessful in his bid to be promoted through that process, Jaconetti would be subject to any educational requirement applied to other exams.  Because our decision affords Jaconetti the opportunity to seek promotion through the next scheduled sergeants examination, we need not consider the sufficiency of Jaconetti's claim against the City's for its alleged inequitable distribution of study materials.

CONCLUSION

For the following reasons, the order of the circuit court is affirmed in part, reversed in part, and remand with directions.

Affirmed in part, reversed in part, and remanded.

CAHILL, P.J., and WOLFSON, J., concurring.

FOOTNOTES
1:
Plaintiffs originally included Matt Rodriguez, the former superintendent of the CPD, as a defendant.  They later substituted Terry Hillard, the current superintendent, as a party.

2:
Count two of the complaint sought a declaration that the announced sergeant's examination violated the collective bargaining agreement ("CBA") then in effect between the City and the FOP, Lodge No. 7.  The circuit court determined it lacked jurisdiction of this claim, and ordered the matter to be resolved at arbitration.  An arbitrator later determined in a ruling dated May 11, 1998, that the FOP and its president Nolan did not have standing to assert the claims in count two because the matter of promotions to the rank of sergeant is outside the scope of the CBA.